# Maynes *versus* Atwater.

1. Upon a motion for a nonsuit the plaintiff is entitled to every inference of fact which the jury might draw from the evidence, the defendant being considered as admitting every fact which the evidence tends to prove.

2. Retention of possession by a former owner of a chattel sold at sheriff's sale is not an index of fraud, nor does leaving the property with the former owner warrant the inference that the purchaser made an absolute gift or sale of it to him, so as to authorize its seizure again as the property of the debtor.

3. The meaning of words used in a conversation are for the jury and not for the court.

January 30th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county:* Of January Term 1878, No. 233.

This was a feigned issue, wherein Rodger Maynes was plaintiff and Charles Atwater was defendant, to try the right to certain property levied on under an execution obtained by Atwater against one Jones, and which was claimed by Maynes.

At the trial it appeared from the evidence of the plaintiff that in 1874 Jones obtained contracts from the city of Philadelphia to collect certain garbage, on which contract Maynes was the surety. Jones became involved, and judgments were obtained against him, upon one of which execution issued, and Maynes, to avoid the forfeiture of his bond, bought the judgment and let the sheriff's sale proceed. At the sale he bought the horses, carts and other property levied on, and left them with Jones, and, as he testified, " I sold him out, and afterwards gave him the property back; he was to repay me the money; I told him to take them and work them, and if he could make any money to pay me back; no time was fixed for him to repay me; the understanding was that he was to pay me." Jones was indebted to Maynes in a sum greater than his judgment, and when the levy was made on the execution of Atwater, Maynes claimed the property which was still in the possession of

[Maynes v. Atwater.]

Jones.  Upon the foregoing evidence the court entered a nonsuit, which the court in banc sustained, when the plaintiff took this writ.

*Harold Goodwin,* for plaintiff in error.—The plaintiff never intended to part with the goods.  Intention is exclusively for the jury: Hoopes v. Garver, 3 Harris 517; Miller v. Shaw, 7 S. & R. 129; Holbert v. Holbert, 21 Mo. 277; Winter v. Norton, 1 Oregon 42.  The meaning of words in a conversation is for the jury: Brubaker v. Okeson, 12 Casey 519.  A chattel purchased at a sheriff's sale may be left in the possession of the former owner, and such possession is not index of fraud, nor does it amount to a gift to the donor: Walter v. Gernant, 1 Harris 515.  The case should go to the jury if there is evidence from which an inference favorable to the plaintiff may be drawn: Baker v. Lewis, 9 Casey 301; Bevan v. Insurance Co., 9 W. & S. 187.

*S. W. Pettit,* for defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the court, February 10th 1879.

No opinion having been filed in the court below we are not informed of what was deemed a fatal defect in the plaintiff's case.  As it appears we think it ought to have been submitted to the jury.

Upon a motion for nonsuit the rule is, that the plaintiff is entitled to the benefit of every inference of fact which the jury might draw from the evidence, the defendant being considered as admitting every fact which the evidence tends to prove: Smyth v. Craig, 3 W. & S. 14; Bevan v. Insurance Co., 9 Id. 187.  Where there is any evidence which would justify an inference of the disputed fact it must go to the jury, but not where there is no evidence to authorize the inference: Howard Express Co. v. Wile, 14 P. F. Smith 201; Railroad Co. v. Heil, 5 W. N. C. 91.  The sense of words used in connection with what the parties intended to express by them is exclusively for the jury to determine.  The judge may not put a legal interpretation on oral words, and make it a matter of positive direction.  It is the province of the court to expound the meaning of an instrument, but not of words uttered of which there can be no tenor: McFarland v. Newman, 9 Watts 55; Brubaker v. Okeson, 12 Casey 519.  It is the province of the jury, who hear and observe the witness, to determine the meaning of what he says.  Only when oral testimony fails to establish a disputed fact can the judge withhold it.

"Retention of possession by the former owner of a chattel sold at sheriff's sale, is not an index of fraud, because the sale is not the act of the person retaining, but of the law; and because a judicial sale, being conducted by the sworn officer of the court, shall be deemed fair, till it be proved otherwise:" Myers v. Har-

7 NORRIS—32

vey, 2 P. & W. 478; Craig's Appeal, 27 P. F. Smith 448. "It is certainly not a fraud to leave property purchased at sheriff's sale in the possession of the former owner for his use, or even for his consumption. No presumption of fraud arises from retention of possession after a sale, which being made under supervision of the law, cannot be colorable; and permission to use or enjoy the thing bought, is an act of benevolence which does not amount to a gift of it, or revest it in the debtor:" Walter *v.* Gernant, 1 Harris 515. The legal presumption that the sale was fair continues until overcome by sufficient proof that it was collusive or fraudulent. Leaving the property with the former owner is not of itself evidence of collusion, nor does it warrant an inference that the purchaser made an absolute gift, or sale of it to him. In absence of affirmative evidence to the contrary the inference is that such leaving was an act of benevolence. It is by no means uncommon for a friend of a distressed debtor to purchase his goods at judicial sale, with no other object than to aid him and save his family from want. The law does not repel such charity by any presumption of fraud so as to authorize the seizure again of those goods as the property of the debtor. Nor is it reprehensible to lease the goods on bailment advantageous to both debtor and purchaser. When it is alleged that no change in the ownership of goods has taken place, as respects creditors, because of fraud in law, it is well to keep in view some of the distinctions between judicial and private sales.

Maynes became the purchaser of the goods in controversy at a sheriff's sale, by virtue of executions against Jones. The fairness and validity of that sale are unquestioned. In five months thereafter, Atwater caused them to be seized again, and this issue was formed. Upon the trial, Maynes testified that he is still the owner. His cross-examination showed that he had become security for Jones's performance of a contract for collecting garbage, that Jones owed him and was also indebted to others. He says, "I bought in a judgment of a man by name of Trego against Jones, to protect myself, and sold him out and bought the things so he could go on and do his work; Trego was going to sell him out." "After the sale I gave the goods to Jones and told him to take them and use them till he could pay the judgment; Jones has had possession of them ever since." "Jones has not paid my money on the judgment; no time was fixed for him to repay me; the understanding was that he was to pay me." By the court, "You say you gave Jones the things?" "Yes, sir, I sold him out, and afterwards gave him the property back; he was to repay me the money; I told him to take them and work them, and if he could make any money to pay me back." Re-direct, "I gave the things to Jones to use till he could pay the judgment." "When you say you gave them, you mean you let him keep them to use and work with, so as to

[Maynes *v.* Atwater.]

protect you as his security." "Yes, sir, that was it." A large part of his judgment was not satisfied by the sale and he did not pay the sheriff the money bid.

Record evidence shows title to the goods was in Maynes. Where is the evidence that it passed from him? He had a right to possession whenever he chose to demand it. There was no contract for sale, and no consideration to support a contract for possession and use for any definite time. He said he gave the goods to Jones, and also said he gave them to him to use, to work with, so he could perform his contract. This was not an absolute gift but a bailment. It may be well to add that these expressions as to the effect of the plaintiff's testimony, are in reference to disposition of the motion for nonsuit, when the judge takes the testimony as admitted, with every reasonable inference of fact favorable to the plaintiff. The title vested in Maynes at the sheriff's sale is not impugned. Unless he had parted with the title, the goods were his, and a jury could not infer, without evidence, that he had sold or given them away. He may be either cultured or illiterate, evasive or candid, but it was for the jury to determine his credibility as a witness, the meaning of his words and find the facts.

Judgment reversed, and a *procedendo* awarded.