# Gates v. Pennsylvania R. R., Appellant.

*Appeals—Res judicata—Acts of May 9, 1889, and May 20, 1891*

A judgment upon an appeal taken by one of the parties is no bar to a subsequent appeal by the other party, in which different errors are assigned.

In an action for damages against a railroad company, the defence was (1) that the action should have been against the township, inasmuch as the accident occurred within the lines of a public highway, and (2) that plaintiff's contributory negligence was a bar to his recovery. The court submitted the second question to the jury and reserved the first. The jury rendered a verdict for plaintiff, but the court entered judgment for defendant non obstante veredicto. Upon appeal by plaintiff the judgment was reversed, and judgment was entered upon the verdict. Subsequently defendant appealed, assigning as error the submission of the question of plaintiff's contributory negligence to the jury. *Held,* that defendant was entitled to an appeal. There is nothing in the acts of May 9, 1889, P. L. 158, and May 20, 1891, P. L. 101, to prevent such appeal.

*Negligence—Contributory negligence—Evidence—Question for jury.*

Where the measure of duty is ordinary and reasonable care, and where the degree of care varies according to the circumstances, the question of negligence is for the jury; but where facts constituting negligence are either admitted or conclusively established by undisputed evidence it is the duty of the court to declare the law applicable thereto.

A railroad company constructed an overhead bridge for the passage of a public highway, leaving the wing walls running out from the end of the bridge unguarded by a railing. Plaintiff, employed as a carpenter by the railroad company, while on his way to his work before daylight on a winter morning, fell over one of the wing walls and was injured. He testified that he was walking rapidly, thinking he would " strike the bridge near about its centre," but ran against something on the left side and fell. *Held*, that the question of plaintiff's contributory negligence was for the jury.

Argued April 18, 1893.   Appeal, No. 182, July T., 1892, by defendant, from judgment of C. P. Huntingdon Co., Sept. T., 1891, No. 13, on verdict for plaintiff, Thomas Gates.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries caused by alleged negligent construction of overhead bridge.   (See report of former writ, in 150 Pa. 50.)

At the trial, before KREBS, P. J., it appeared that plaintiff was injured by falling over an unguarded wing wall of an overhead bridge constructed by defendant company.   The bridge carried the railroad over a public highway.   Plaintiff, who was a carpenter employed on bridge work by defendant, described the accident as follows:

" On Dec. 21, 1889, I was directed to go to Granville,.and knowing that I had to take the Altoona accommodation—at that time it came along there about half past five, as near as I can remember; all that time—I got up pretty early and ate my breakfast by lamp light, and after I got done eating I looked· at my watch and I had five or six minutes time yet.   I lit my pipe and started, took my dinner bucket and as I got out in the public road I thought I heard the train whistling; thinking that perhaps may be my watch might be slow or something, I started and ran till I got up to where I turned off to go on to the bridge and slacked up; the road, that is the road I came up on to turn off is descending down and then rising up. Q. This is shown on this map of Africa's.   A. Yes, sir.   Q. Is

this where we represent? A. Yes, sir; I slacked up and after I got about down on to where the ground begins to rise to go on to the approach of the bridge I could see a mile and a half fully up the railroad; I saw no headlight in view and I walked on rapidly, thinking I would strike the bridge near about its centre, in the middle, and ran against something on the left side, and falling at the same time, was the last that I knew till I was carried into the station. Q. Did you ever make any complaint to the township officers or to the railroad company that this place was unsafe? A. No, sir, I never paid any attention to it; I didn't know that there was any complaint to be laid in; I didn't pay any attention that there was no railing there; passing back and forward I was always in a hurry to get home and always in a hurry to get away to make the train to go to work."

The court reserved the question whether plaintiff's remedy did not lie against the township, as the accident occurred within the lands of the public highway. The question of plaintiff's contributory negligence was left to the jury, the court charging in part as follows:

"If, however, you find it was not reasonably safe in the manner indicated, then the inquiry is, did Mr. Gates contribute to the injury he received by a want of ordinary care and prudence on his part, a want of such care and prudence as an ordinarily careful and prudent man would exercise in passing over a common bridge? And, as bearing on that question, you have a right to consider his knowledge of the bridge, the locality in which he lived with reference to the bridge, and whether or not he was acquainted with the situation of the bridge and with the approaches thereto; he would be required to exercise a greater decree of care than a person who was not acquainted with it. And what would be ordinary care in one instance would not be ordinary care in another." [1]

Defendant's points were among others as follows:

"1. That under the evidence in the case the verdict must be for defendant." Not answered otherwise than as in the general charge. [2]

"3. That, if the jury believe that the weight of the evidence shows that the plaintiff was running when he fell, the verdict must be for the defendant. *Answer:* That point is pertinent

on the question to which we have already called your attention. That is the second question involved in this inquiry, if you find the bridge, in the first instance, was unsafe and was not in that condition for reasonably safe use by the public which the act of assembly seems to require. · The second proposition was whether or not the plaintiff contributed to this accident; and in that respect this point is pertinent. Our answer is that if the jury find that he was acquainted with the unsafe and dangerous condition, and he ran up there recklessly, he contributed to this accident thereby, and he would not be entitled to recover; but whether he was running or walking at that point is a question of fact for the jury." [3]

Verdict for plaintiff for $3,506.25. Subsequently the court entered judgment for defendant non obstante veredicto on the question of law reserved. An appeal was taken by plaintiff and the judgment was reversed by the Supreme Court and judgment entered for plaintiff : 150 Pa. 50. Defendant then took this appeal.

*Errors assigned* were (1–3) instructions, quoting them.·

Plaintiff moved to quash the appeal.

*J. D. Dorris, W. Dorris* with him, for appellant.—A judgment upon a writ of error, sued out by one of the parties, is no bar to a subsequent writ of error at the suit of the other party, on which different errors are assigned : Ormsby v. Ihmsen, 34 Pa. 462.

The modes of reviewing cases in the Supreme Court by writ of error, by appeal, and by writ of certiorari, which were in use prior to the act of May 9, 1889, P. L. 158, still remain applicable in the same kinds of cases, within the same limits and with the same effect as before, the only difference made by that act being that now they are all called by the same name : Rand v. King, 134 Pa. 641.

All the facts affecting the question of contributory negligence were furnished by plaintiff's testimony. It was for the court to pass upon their legal effect : D. L. & W. R. R. v. Cadow, 120 Pa. 572.

Plaintiff was guilty of contributory negligence : Mueller v. Ross Twp., 152 Pa. 399 ; Robb v. Connellsville Boro., 137 Pa.

42; McDonald v. Rockhill Co., 135 Pa. 1; Monongahela City
v. Fischer, 111 Pa. 14.

Corbalis v. Newberry Twp., 132 Pa. 9; and Dalton v. Ty-
rone Twp., 137 Pa. 18, relied upon by plaintiff, did not raise
the question of contributory negligence, but only that of negli-
gence of defendant.

There is no situation in life involving danger, whether much
or little, in which the law does not require a due and propor-
tionate amount of care and attention: Harris v. Commercial
Ice Co., 153 Pa. 278.

One who voluntarily risks a known danger cannot recover:
Hill v. Tionesta Twp., 146 Pa. 11; Haven v. Bridge Co.,
151 Pa. 620; Lynch v. Erie, 151 Pa. 380; Sheridan v. Krupp,
141 Pa. 564; Erie v. Magill, 101 Pa. 616.

Defendant was entitled to a specific answer to the point pre-
sented: New York etc. R. R. v. Enches, 127 Pa. 322; Tyrone
Co. v. Cross, 128 Pa. 636.

*George B. Orlady*, for appellee, not heard, cited: Penna.
Salt Mfg. Co. v. Neel, 54 Pa. 9; act of May 20, 1891, § 2, P. L.
101; Pennock v. Kennedy, 153 Pa. 579; Ormsby v. Ihmsen,
34 Pa. 462; Hays v. Gallagher, 72 Pa. 136; Born v. Plank
Road Co., 101 Pa. 334; Norristown v. Moyer, 67 Pa. 355; Erie
City v. Schwingle, 22 Pa. 384; R. R. v. McElwee, 67 Pa.
311; Altoona City v. Lotz, 18 W. N. 524; Easton Borough
v. Neff, 102 Pa. 474; Mill Creek Twp. v. Perry, 20 W. N.
359; Corbalis v. Newberry Twp., 132 Pa. 9; Maynes v. At-
water, 88 Pa. 496; Dalton v. Upper Tyrone Twp., 137 Pa. 18;
Bradwell v. Ry. Co., 139 Pa. 404; Baker v. North East Bor-
ough, 151 Pa. 234; McCue v. Knoxville Borough, 146 Pa.
580; McGill v. P. & W. Ry., 152 Pa. 331.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 8, 1893:

On the motion to quash the writ in this case, the only ques-
tion is, whether plaintiff's appeal from the judgment non ob-
stante veredicto, resulting in a reversal thereof and entry of
judgment in his favor on the verdict, is a bar to this appeal by
defendant. We are of opinion that it is not.

On the trial in the court below, the defence was twofold:
(*a*) that defendant was not liable, because the accident oc-

curred within the lines of the public highway, and plaintiff's remedy, if he had any, was against the township, and not against defendant company, and (*b*) that plaintiff's contributory negligence was a bar to his recovery.

The court having refused to withdraw the case from the jury on the ground of contributory negligence, submitted that question to them, and they found in plaintiff's favor, and assessed his damages, subject to the opinion of the court on the reserved question, raised by the first mentioned ground of defence. Afterwards the question of law thus reserved was decided in favor of defendant, and thereupon judgment was entered against the plaintiff non obstante veredicto. From that he appealed, and the only question that was or could be before us then was the validity of that judgment. In an opinion by our brother MITCHELL, reported in 150 Pa. 50, we held that it was erroneous and entered judgment on the verdict, in favor of plaintiff, for the amount found by the jury. The record was remitted, and the effect of our reversal, etc., was to place the parties just where they would have been, if the court below had, in the first place, entered the proper judgment. It therefore follows that defendant was entitled to appeal from the rulings of the court below on its second ground of defence, viz.: plaintiff's alleged contributory negligence. On those rulings, defendant had not theretofore had a hearing in this court.

Appellant's right to have errors, assigned to rulings of the court below on the subject of contributory negligence, reviewed by this court is well established. "A judgment upon a writ of error sued out by one of the parties, is no bar to a subsequent writ of error at the suit of the other party, in which different errors are assigned:" Ormsby v. Ihmsen, 34 Pa. 462. In Rand v. King, 134 Pa. 641, it was held that the modes of reviewing cases in this court by writ of error, certiorari and appeal which were in use prior to the act to May 9, 1889, P. L. 158, still remain applicable to same kinds of cases, within same limits and with same effect as before; the only change made by that act is that now they are all called by the same name. As was well said in that case, "the act does not profess to extend the right of review, to change its extent in cases already provided for, or to modify in any manner its exercise. It simply provides that dissimilar proceedings shall be called by the same

name.   An appeal, in name, may therefore be a writ of error
or certiorari in legal effect, and it is necessary, in every case,
to look into the record and determine at the outset of our ex-
amination whether what is 'called an appeal' is such in fact,
or is a writ of error or a certiorari.   The practical effect of call-
ing proceedings so essentially unlike by the same name, is to
obscure and divert attention from the peculiar characteristics
of each.   This increases the sense of uncertainty on the part
of the practitioner, and the labor on the part of the appellate
court."

It follows from what has been said that the motion to quash
should be denied.

The burden of defendant's complaint, in the first and second
specifications of error, is the refusal of the court to hold, as
matter of law, that, under the evidence, plaintiff was guilty of
contributory negligence, and the submission of that question to
the jury.

An examination of the evidence convinces us that the action
of the court was not erroneous.   While there is some testi-
mony tending to show that plaintiff was perhaps not as careful
as he might have been, it is not of such a character as would
have warranted the court in saying, as matter of law, that he
was guilty of contributory negligence, and hence there was no
error in submitting it, under proper instructions, to the consti-
tutional triers of fact.   Comprehensively defined, " negligence
is the absence of care according to the circumstances ; " and it
is always a question for the jury where there is a reasonable
doubt, either as to the facts, or inferences of fact to be drawn
from the testimony.   When the measure of duty is ordinary and
reasonable care, and when the degree of care varies according
to the circumstances, the question of negligence is always for
the jury ; but, when facts constituting negligence are either
admitted or conclusively established by undisputed evidence,
it is of course the duty of the court to declare the law applicable
thereto.   These well settled principles are recognized in a long
line of cases, among the later of which are the following : Rail-
road Co. v. White, 88 Pa. 327 ; Corbalis v. Newberry Twp., 132
Pa. 9 ; Dalton v. Tyrone Twp., 137 Pa. 18 ; Bradwell v. Rail-
way Co., 139 Pa. 404 ; Baker v. Borough of North East, 151
Pa. 234 ; McGill v. Pittsburgh & Western R'y Co., 152 Pa. 331.

In the case at bar there are no admitted or uncontroverted facts that would have justified the court in holding as requested by defendant's first point.

For reasons already suggested, it would have been error to have affirmed defendant's third point. Conceding, for argument sake merely, that plaintiff was running when he fell, it would by no means follow that he was guilty of contributory negligence. The learned judge's answer to that point was quite as favorable to defendant as it should have been.

The case depended on questions of fact which were exclusively for the jury. They were fairly submitted, with instructions which appear to be adequate and free from any error that would justify a reversal of the judgment.

Judgment affirmed.