## Peter Sommers *v.* John Howey, Appellant.

*Execution—Injunction based on extrinsic evidence.*

The court will refuse to interfere with a sheriff's levy, upon extrinsic evidence as to the ownership of the property levied upon and as to the source from which the money came with which the defendant purchased it originally.

The facts being in dispute, the question argued by counsel, whether property purchased with pension money is subject to execution, is not considered.

Argued Jan. 16, 1896. Appeal, No. 16, Jan. T., 1896, by defendant, from order of C. P. Lackawanna Co., June T., 1888, No. 5, dismissing rule to show cause why goods levied upon by a sheriff should not be released. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Judgment having been entered in favor of plaintiff for $99.31, a rule to show cause why the collection of the judgment should not be restrained as against all property which was purchased by pension money, was discharged in an opinion by EDWARDS, P. J., reported in 4 Dist. Rep., 723, where it was held that property purchased with pension money by the pensioner in his own name is not free from seizure and can be sold on execution; and reviewing the authorities on this point.

*Error assigned*, was discharging the rule.

*W. S. Hulslander, A. A. Vosburg* with him, for appellant. —Property purchased by a pensioner with pension money is exempt from levy and sale under execution under the provisions of sec. 4747 of the Rev. Stat., U. S.; Crow v. Brown, 81 Iowa, 344; Crow v. Brown, 86 Iowa, 741; Marquardt v. Mason, 87 Iowa, 136. In a late case in our own state this point has been practically decided: Reiff v. Mack, 160 Pa. 265.

*James E. Burr*, for appellee.—It is true that in some states it has been decided otherwise by courts of last resort, but in many states the principle is laid down that pension money due a pen-

sioner by the United States is exempt from execution until it reaches the hands of the pensioner, but not thereafter: Cavanaugh v. Smith, 84 Ind. 380; Faurote v. Carr, 108 Ind. 123; Spelman v. Aldrich, 126 Mass. 113; Jardain v. Fairton Savings Bank, 44 N. J. Law, 376; Sims v. Walsham, (Ky.) 7 S. W. Rep. 557; Martin v. Hurlburt & Rutland S. Bank, (Vt.) 14 Atl. Rep. 649; McFarland v. Fish, 34 W. Va. 548; Johnson v. Elkins, (Ky.) 13 S. W. Rep. 448.

PER CURIAM, February 20, 1896:

The rule to show cause, which, after hearing, the court discharged, was granted upon the defendant's petition in which he alleged that the goods in question were bought by him with pension money, and given to his wife. The plaintiff does not concede the facts alleged in the petition, and the learned judge below was fully warranted in saying that the testimony adduced in support of the rule was vague, uncertain, and contradictory. This, of itself, was sufficient to justify the court in discharging it. It would have been manifest error to do otherwise.

But conceding the law to be as claimed by the defendant, what standing had he to ask the court to restrain the sheriff in the execution of the writ? We think the court well might have refused to grant the rule to show cause, upon the ground that the plaintiff's right to levy upon and to sell the goods could not be tested in this summary way, upon the application of the defendant in the writ, who disclaimed ownership. Even the wife could not have intervened in this way to protect her title, and it is only in very clear cases that she can prevent by injunction creditors from testing in the usual way her alleged title to property derived from her husband.

At all events, it is very clear, that, under the circumstances stated, the action of the court in refusing to interfere with the sheriff's levy upon extrinsic evidence as to the ownership of the property levied upon, and as to the source from which the money came with which the defendant purchased it originally, is not reviewable, for the reason that the facts are not made part of the record in any recognized way: Rand v. King, 134 Pa. 641; Com. v. Bird, 144 Pa. 194; Gates v. Penna. R. Co., 154 Pa. 566; Nicoll v. McCaffrey, 1 Super. Ct. 187. This is

not a mere technicality. It would be profitless for us to discuss the liability to execution of property alleged to have been bought by the defendant with pension money and given to his wife in a proceeding to which she is not a party. Even if we were disposed to ignore the difficulties in the way of a review of the action of the court, and to decide the legal question discussed by counsel, we could not do so, because the facts are in dispute.

Seeing no error in the record, the order of the court below discharging the rule to show cause granted July 17, 1895, is affirmed.