## Pittsburg Wagon Works' Estate.   Gwinner's Appeal.

*Appeals—Time within which appeal must be taken—Act of May* 19, 1897, *P. L.* 67.

Where the right to an appeal has accrued by the entry of a judgment or decree against a party, he must take his appeal within six months from that date, notwithstanding an appeal has been taken by the other party.

Argued Oct. 29, 1902.   Appeal, No. 183, Oct. T., 1902, by Frederick Gwinner, trustee, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1896, No. 614, dismissing exceptions to

auditor's report in case of Pittsburg Wagon Works' Estate. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Appeal quashed.

Exceptions to report of Wm. H. McClung, Esq., auditor.

From the record it appeared that this was a petition under the Price act for an order to sell real estate held by petitioner, trustee, for the contributors to a fund, used in the purchase of a mortgage upon the property described in the petition, and to which the trustee took title under a sale on lev. fa. to collect the mortgage debt.

Exceptions to the report of the auditor distributing the fund, were dismissed on March 13, 1900.   On March 30, 1900, W. J. Kountz, executor, took an appeal to the Supreme Court.   On September 29, 1900, Frederick Gwinner and others took this appeal.

*Errors assigned* were in dismissing exceptions to auditor's report.

*William A. Sipe*, for appellant.

*D. F. Patterson*, with him *J. Charles Dicken*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1903:

Frederick Gwinner presented his petition to the court below and on October 11, 1896, procured an order under the Price act, authorizing him to sell certain real estate held by him as trustee.   No sale having been made on this order, an alias order was granted April 16, 1898.   The property was sold on the alias order and the sale was confirmed July 11, 1898.   The trustee filed his account and exceptions having been filed thereto, an auditor was appointed to pass upon the exceptions and report a distribution of the proceeds of sale.   The auditor made his report on October 24, 1901, to which exceptions were filed by W. J. Kountz, executor of Peninah W. Kountz, deceased, and also by Frederick Gwinner et al., creditors of W. J. Kountz. The court dismissed the exceptions and confirmed the report on February 19, 1902.   W. J. Kountz, executor of Peninah W. Kountz, deceased, appealed from this decree, March 10, 1902,

and Frederick Gwinner et al., creditors of W. J. Kountz, appealed on September 30, 1902.

It will be observed that the appeal of Gwinner et al. was taken more than six months after the entry of the final decree in the court below. For this reason the appellee has moved this court to quash the appeal. The 4th section of the Act of May 19, 1897, P. L. 67, provides, inter alia, that "no appeal shall be allowed in any case unless taken within six calendar months from the entry of the sentence, order, judgment or decree appealed from. . . . Appeals taken after the times herein provided for shall be quashed on motion."

The intention of the act of 1897 was that the six months' limitation should begin to run when a judgment or decree was entered against the party claiming the right to appeal. If in the trial of a cause, exceptions are taken to rulings of the court by a party, but a verdict and judgment is in his favor, he need not and cannot appeal. If that judgment is reversed by this court, and a judgment is entered against him, then his right to appeal is complete and he may exercise it within six months from that date. But where the right to an appeal has accrued by the entry of a judgment or decree against a party, he must take his appeal within six months from that date, notwithstanding an appeal has been taken by the other party.

We are clearly of opinion that the motion to quash this appeal must prevail. There was no reason or necessity for delay in taking the appeal. A final decree had been entered against Frederick Gwinner et al., and the right to appeal was thus fixed. The decision of the questions in Kountz's Appeal, from the same decree, could not determine or affect those raised on this appeal. The two appeals raise entirely separate and distinct questions and hence there was no necessity for the appellant in either appeal to await the determination of the other appeal. The time in which the statute required the appeal to be taken, therefore, began to run from the date of the decree.

Hughes v. Miller, 192 Pa. 365, has no application to the case in hand. There the judgment of the trial court was in favor of the defendant and consequently he had no occasion for taking an appeal. But on appeal by the plaintiff the case was reversed and judgment was directed to be entered against the defendant. Then for the first time there was a judgment

against him and the necessity for him to appeal. Similar facts exist in Gates v. Pennsylvania R. R. Co., 154 Pa. 566. Here, however, the decree was against the appellants and it could not be affected by the result of the appeal by the other party.

The motion is allowed and the appeal is quashed at the costs of appellants.