in court, no amendment of the notice is necessary; therefore we need not consider whether it may be amended.   The case of Hinnershitz v. United Traction Co., 206 Pa. 91, has no application here.   The discretionary power to relax the letter of a rule to prevent an obvious injustice under the circumstances of a particular case, does not extend to a practical abrogation of well-settled principles that must reach all cases.

Though the bill appears to have been dismissed by the court below on the merits, as well as on the defect, in the notice, and both have been argued on this appeal, we can express no opinion respecting the merits, further than was intimated at the outset, until after final hearing and decree on such defense as the defendant McCafferty may choose to make.

The decree is reversed, and the bill and injunction are reinstated at the costs of the appellee.   And it is further ordered that the cause proceed in the court below as provided by the equity rules on the overruling of a demurrer.

---

## Farrel, Appellant, *v.* Scranton Railway Company.

*Appeals—Time—Quashing appeal—Act of May* 19, 1897, *P. L.* 67.

Where an appeal is taken eight months after the entry of an order refusing to take off a nonsuit, the appeal will be quashed.

Argued Jan. 13, 1905.   Appeal, No. 32, Jan. T., 1905, by plaintiff, from order of C. P. Lackawanna Co., Sept. T., 1901, No. 744, refusing to take off nonsuit in case of John M. Farrel v. Scranton Railway Company.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Appeal quashed.

The following motion to quash was filed :

The appellee by its attorneys, Willard, Warren & Knapp, moves to quash the appeal in the above-stated case, for the reason that the appeal was not taken until more than six months after the final judgment of nonsuit.   The record shows that on September 30, 1903, a compulsory nonsuit was granted on

128 FARREL, Appellant, *v.* SCRANTON RAILWAY CO.

Statement of Facts—Opinion of the Court. [27 Pa. Superior Ct.

the motion of defendant's attorney, and on the same day a rule was granted to show cause why the nonsuit should not be stricken off. November 16, 1903, rule to take off the nonsuit was discharged by order made by the president judge on that date.

The record shows that on July 16, 1904, the plaintiff filed an appeal to the Superior Court, and on the same day gave a bond in the sum of $200, with himself and Peter Scholz as sureties.

The record also shows that on July 18, 1904, a writ of certiorari was issued from the Superior Court, returnable the second Monday of January, 1905.

The judgment of nonsuit became final on November 16, 1903. An appeal was taken just eight months after the final judgment of nonsuit.

By the Act of May 19, 1897, P. L. 67, it is provided all appeals shall be taken within six months from the entry of the sentence, order, judgment or decree appealed from; also that appeals taken after the time herein provided for shall be quashed on motion.

*L. P. Wedeman*, with him *F. E. Boyle*, for appellant.

*E. N. Willard*, of *Willard, Warren & Knapp*, for appellee.

PER CURIAM, January 17, 1905:
Appeal quashed.

---

## Olson, Appellant, *v.* Olson.

*Divorce—Desertion—Insufficient evidence to sustain decree.*

Separation is not desertion. Desertion is an actual abandonment of matrimonial cohabitation with an intent to desert wilfully, and maliciously persisted in without cause for two years. What may have been desertion in its inception, but has become a separation with mutual consent within two years, is not ground for divorce. The mutual consent that will prevent a divorce upon the ground of desertion may be inferred from the conduct of the parties, and need not be put in the form of a solemn written agreement.