# Jones, Appellant, *v.* Marion Coal Company.

*Appeals—Entry of judgment—Judgment non obstante veredicto— Payment of jury fee.—Time for appeal in formal judgment—Act of March 29, 1805, 4 Sm. L. 242, sec. 12—Quashing appeal.*

1. A judgment entered upon the record as follows: "And now, January 2nd, 1909, the rule for a new trial is discharged. The rule for judgment non obstante veredicto is made absolute, and judgment is now entered for defendant. Same day exception is granted as to the plaintiff" must be appealed from within six months from the date therein given, and an appeal taken July 19, 1909, will be quashed, although it appears from the record that upon January 20, 1909, some one paid a jury fee, and filed the receipt and thereupon judgment for defendant was again noted.

2. The Act of March 29, 1805, 4 Sm. L. 242, sec. 12, providing for the payment of a jury fee, and the entry of judgment upon a verdict, has no reference to a judgment entered directly by the court.

Argued Feb. 21, 1910. Appeal, No. 269, Jan. T., 1909, by plaintiff, from judgment of C. P. Lackawanna Co., Sept. T.,

1907, No. 1,677, for defendant non obstante veredicto in case of Thomas H. Jones v. Marion Coal Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Appeal quashed.

Assumpsit for breach of contract. Before CARPENTER, J. The facts appear in the opinion of the Supreme Court.

*Error assigned* was entry of judgment for defendant non obstante veredicto.

*C. P. O'Malley*, with him *O'Brien & Kelly* and *James F. Bell*, for appellant.

*Frank E. Donnelly*, with him *Frederic W. Fleitz*, for appellee.

OPINION BY MR. JUSTICE POTTER, March 21, 1910:

This is an appeal from the entry of judgment in favor of the defendant non obstante veredicto, by the court of common pleas of Lackawanna county. The entry of judgment is thus set forth upon the record: "And now, January 2, 1909, the rule for a new trial is discharged. The rule for judgment non obstante veredicto is made absolute, and judgment is now entered for the defendant. Same day exception is granted to the plaintiff." No appeal was taken from this judgment until July 19, 1909, which was more than six months from the entry of the judgment, and it cannot therefore be allowed.

It does appear from the record that upon January 20, 1909, some one paid a jury fee, and filed the receipt, and thereupon judgment for defendant was again noted. But the real and formal judgment in this case was entered by the court, as above set forth, upon January 2, 1909. And it is the entry of that judgment which is here specified as error. Furthermore, that judgment was not entered upon the verdict of the jury. It was entered in opposition to, and notwithstanding the verdict. The Act of March 29, 1805, 4 Sm. L. 242, sec. 12, providing for the payment of a jury fee, and the entry of judg-

ment upon a verdict, had no reference to a judgment entered directly by the court. Under the Act of April 22, 1874, P. L. 109, which provides for the trial of civil cases by the court without a jury, there is a distinct provision in sec. 5, that no jury fee shall be required to be paid, on entering judgment upon the decision of the court. This would seem to indicate a legislative intent to require payment of the jury fee only where the judgment is entered upon the verdict. Liability for the payment of the jury fee is not, however, the point here involved. We have to deal only with the entry of the judgment by the court. We find by investigation that in order to facilitate the collection of the jury fee, the courts of common pleas throughout the state generally provide by rule that no judgment shall be entered on any verdict without the special order of court, until the sum of $4.00, required by the act of March 29, 1805, shall have been paid by the party for whom the verdict has been given. But in the present case, the court not only made a special order for judgment, but it entered the judgment directly, on January 2, 1909. That was a final judgment in favor of the defendant. It is that judgment of which plaintiff complains, and he was bound to take his appeal within six months from the date of its entry. He did not do so.

Appeal quashed.