## Aylor's Case.

*Poor law—Order of removal—Order of quarter sessions—Appeals—Quashing appeal—Act of April 6, 1905, P. L. 112.*

An order of the quarter sessions on a petition to remove a pauper in proceedings under the Act of April 6, 1905, P. L. 112, is final and conclusive unless an appeal is taken within thirty days from the date of the order. If an appeal is taken after such a period it will be quashed by the appellate court.

Argued May 12, 1913. Appeal, No. 111, April T., 1913, by plaintiff, from decree of Q. S. Armstrong Co., Dec. Sessions, 1911, No. 39, refusing order of removal In re Removal of Richard Aylor from the Poor District of Kittanning Borough to Rayburn Township Poor District. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Appeal quashed.

Petition for order of removal.

From the record it appeared that the decree of the court below was entered on August 16, 1912, and the appeal was taken on September 22, 1912, more than thirty days after the decree was entered.

The appellee moved to quash the appeal.

*H. N. Snyder*, for appellant.

*W. A. McAdoo*, for appellee.

OPINION BY PORTER, J., October 13, 1913:

The poor district of the borough of Kittanning presented its petition to the court of quarter sessions of Armstrong county, under the provisions of the Act of April 6, 1905, P. L. 112, praying for a citation to the poor-law officers of Rayburn township, requiring the latter to show cause why an order should not issue for the removal of a pauper into their custody. The cita-

tion was duly awarded and served, an answer was filed, and after a hearing the court refused to make the order of removal, and dismissed the proceeding at the cost of the petitioners. This decree of the court was entered on August 16, 1912, and no appeal was taken from it to this court until September 27, 1912. The Act of April 6, 1905, P. L. 112, entitled, "An Act providing for the relief of poor persons; regulating their settlements in poor districts; providing a means of enforcing the removal of a poor person to the district of his settlement," etc. provides a new and additional remedy for poor-law officers of a district to secure the removal of paupers not properly chargeable to that district to the district of their settlement. One purpose of the legislature in providing this additional remedy was to make available a means for the prompt determination of disputes, as to the poor district which should bear the burden of maintaining a person who required relief, by a court of record, and without circuity of action. The subject was one which had frequently led to protracted and very expensive litigation between poor districts. The legislative intention that there should not be unnecessary delay when this remedy was resorted to is made clearly manifest by the express provision of the second section of the statute: "And the said court shall proceed to hear and determine the cause upon its merits, and their decree thereon shall be final unless an appeal therefrom be taken within thirty days." When the appellants elected to avail themselves of the remedy provided by this legislation, they were required to make their action in the proceeding conform to the provisions of the statute. The court having entered a decree against them, they knew that that decree was final unless an appeal therefrom was taken within thirty days. This appeal was not taken within the thirty days, and the appellee has filed a formal motion to quash it upon that ground. The appellants having failed to take, within the time required by the statute, the step which would entitle

them to have the decree of the court below reviewed, the motion of the appellee must prevail: Farrel v. Scranton Railway Co., 27 Pa. Superior Ct. 127; Pittsburg Wagon Works' Estate, Gwinner's Appeal, 204 Pa. 435; Jones v. Marion Coal Co., 227 Pa. 509.

The appeal is quashed.