## Mead *v.* Central Pennsylvania Traction Co., Appellant.

*Negligence—Street railways—Collision of automobile and car—Contributory negligence—Case for jury.*

Where an automobile stalls upon a street car track as a result of the unexpected failure of its engine, at a point where the motorman of a street car 250 feet away has a full view of the automobile, and it appears that while the chauffeur was trying to start the engine, remaining in the automobile, the motorman so operated the car as to run into the automobile, the question of the chauffeur's negligence is for the jury.

*Appeals—Appeals by both parties—Negligence.*

A judgment upon an appeal taken by one of the parties is no bar to a subsequent appeal by the other party in which different errors are assigned.

Argued March 13, 1917. Appeal, No. 5, March T., 1917, by defendant, from judgment of C. P. Dauphin Co., Jan. T., 1910, No. 64, on verdict for plaintiff in case of Arthur C. Mead v. Central Pennsylvania Traction Company. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile. Before KUNKEL, P. J.

See 54 Pa. Superior Ct. 400, and 63 Pa. Superior Ct. 79.

344 MEAD *v.* CENTRAL PA. TRACTION CO., Appellant.

Assignment of Error—Opinion of the Court. [66 Pa. Superior Ct.

After the second appeal judgment was entered on the verdict.

The opinion of the Superior Court states the case.

*Error assigned* was in refusing to charge that plaintiff was guilty of contributory negligence.

*C. L. Bailey,* of *Wolfe & Bailey,* for appellant.

*Jas. A. Stranahan,* with him *E. E. Beidleman,* for appellee.

OPINION BY ORLADY, P. J., April 16, 1917:

On the first trial of this case a verdict was rendered in the plaintiff's favor, and on an appeal taken to this court by the defendant the judgment was reversed and a new venire awarded (54 Pa. Superior Ct. 400). On the second trial a verdict was rendered in favor of the plaintiff, which was set aside by the court on motion for judgment n. o. v., when the plaintiff appealed and the judgment was reversed, the record remitted, to the court below with the direction to enter judgment on the verdict in favor of the plaintiff. The present appeal is taken by the defendant, and the errors alleged relate to the refusal of the court to affirm points submitted by the defendant on the trial.

The questions involved herein were not considered on the former appeal, for the reason that the plaintiff was the appellant.

A careful examination of the record satisfies us that the points presented by the defendant were correctly disposed of in the light of the facts presented by the evidence. The review of the facts in the appeal in 63 Pa. Superior Ct. 79, we feel is an answer to the appellant's argument in this case, and as said by the court in refusing the defendant's fourteenth point, to wit, "Under all the evidence in the case the verdict must be for the defendant." The question, we think, is one for the jury,

and them alone: They must determine from the evidence whether or not this plaintiff is entitled, under all the circumstances as they shall find them from the evidence, to recover the damages for his injury from the defendant.

A judgment upon an appeal taken by one of the parties is no bar to a subsequent appeal by the other party, in which different errors are assigned. Gates v. Penna. R. R. Co., 154 Pa. 566; Pittsburgh Wagon Works Est., 204 Pa. 435.

The judgment is affirmed.