## Meyer *v.* Shickler, Appellant.

*Promissory notes—Collateral agreement—Evidence—Burden of proof—Notice.*

In an action upon a promissory note by an indorsee against the maker, where the affidavit of defense sets up an agreement collateral with the note which had not been complied with, and of which the plaintiff had notice, and the plaintiff in his case in chief denies that he had any such notice, and the defendant calls the payee of the note who corroborates the plaintiff, the court commits no error in refusing to permit the defendant to testify as to the collateral agreement if he does not offer to show notice to the plaintiff, and also commits no error in giving binding instructions for plaintiff.

Argued April 12, 1911. Appeal, No. 32, April T., 1911, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1907, No. 60, on verdict for plaintiff in case of Louis Meyer v. George H. Shickler. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a promissory note. Before EVANS, J.

At the trial the court refused under objection and exception to permit the defendant to show a collateral agreement with the payee of the note, which had not been complied with (1, 2).

Verdict and judgment for plaintiff for $1,191.17. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, and (6) in giving binding instructions for the plaintiff.

*Chas. T. Moore,* for appellant, cited: Second Nat. Bank v. Hoffman, 229 Pa. 429; Schultheis v. Sellars, 223 Pa. 513; Harlow v. Homestead Boro., 194 Pa. 57; Bartlett v. Rothschild, 214 Pa. 421; Fry v. Glass Co., 219 Pa. 514.

*S. Leo Ruslander,* with him *A. Leo Weil* and *Charles M. Thorp,* for appellee, cited: Phelan v. Moss, 67 Pa. 59;

Detroit Savings Bank v. Towers, 42 Pa. Superior Ct. 246; Rothermal v. Hughes, 134 Pa. 510; Ridgway v. Scott, 21 Pa. Superior Ct. 367.

OPINION BY RICE, P. J., July 13, 1911:

This was an action of assumpsit upon a negotiable promissory note, for $1,000, payable ninety days after date, drawn by George H. Shickler, the defendant, to the order of E. Lissberger, and indorsed by the latter to Louis Meyer, the plaintiff. The defendant averred, in his affidavit of defense, that an agreement was entered into between the defendant and Lissberger, at the time the note was given, whereby the note was to become null and void and to be returned to the defendant if a certain condition was not fulfilled; that the condition was not fulfilled, and, therefore, the note became null and void; and that the plaintiff had notice of the facts when he took the note from Lissberger.

On the trial of the case the plaintiff testified, in chief, that a few days before the maturity of the note he loaned Lissberger $1,000; that the latter indorsed the note to him as security; and that the money had not been repaid. On cross-examination, he testified that Lissberger did not inform him, and that he did not know that Lissberger had a collateral agreement affecting the note. The plaintiff then rested. Whereupon the defendant made offers to prove the facts averred in his affidavit of defense, excepting the fact of notice to plaintiff. The court having rejected these offers, the defendant called Lissberger as a witness on his behalf, and elicited from him the testimony that he indorsed the note to the plaintiff a few days before maturity, and received therefor; from the plaintiff, $1,000, which he had not repaid, and that he had not informed the plaintiff of the agreement between him and the defendant. The court gave binding instructions for the plaintiff.

1. For present purposes we must assume that the defendant could have proved to the satisfaction of the

jury the facts embraced in the rejected offers. Under these facts, the title of Lissberger, who negotiated the note, was defective, within the meaning of sec. 55 of the Negotiable Instruments Law of May 16, 1901, P. L. 194, and this, according to sec. 59 of the act, would cast on the plaintiff the burden of proving that he acquired the title as holder in due course. The latter section declares that every holder is deemed, prima facie, to be a holder in due course. If, in the presentation of his case in chief, the plaintiff had rested on this presumption, the offers ought to have been, and doubtless would have been, admitted. But, as already seen, he did not rest on that presumption. Anticipating the defense set up in the affidavit, he assumed the burden of proving, affirmatively, that he acquired title as holder in due course, and gave testimony which, if believed by the jury, was sufficient to satisfy the requirement of sec. 59. The case was tried on the theory that that burden was on him, and it is not argued here that it was not. Having regard to the theory and mode of trial, we cannot see that the defendant was harmed by the rejection of the offers.

2. It is insisted that, as the burden of proving that the plaintiff was holder in due course was on him, and as he relied solely on oral testimony, it was the exclusive province of the jury to determine whether the fact was established. In support of this contention, counsel cites Second Nat. Bank of Pittsburg v. Hoffman, 229 Pa. 429; Harlow v. Homestead Boro., 194 Pa. 57; Bartlett v. Rothschild, 214 Pa. 421; Fry v. National Glass Co., 219 Pa. 514. The principle applied in these and similar cases is well illustrated by the case of Second Nat. Bank v. Hoffman, 229 Pa. 429. There, the bank was called upon to show, affirmatively, that it had no notice of the fraud when it took the note in good faith and for value; and whether it had so taken the paper depended entirely upon the testimony of its cashier. Although his testimony was uncontradicted, the court held that it was not a case for binding direction, but that the credibility of the witness, particularly as he

was interested, was for the jury. We do not say that the principle applied in that and the other cases would not be applicable here, if the establishment of the fact under consideration had depended solely upon the testimony of the plaintiff or of a witness called by him. But that was not the situation at the end of the trial. The testimony of Lissberger, the only witness called by the defendant, was to the same effect as that given by the plaintiff. He knew the facts. He was not a witness whom the defendant was under the necessity of calling for the purpose of satisfying the formal proof which the law requires, as, for example, a subscribing witness. Nor did the defendant allege that he was surprised by his testimony and undertake to contradict it. There is nothing apparent which takes the case out of the general rule that a party gives a witness credibility by calling him, and, therefore, the defendant was not in position to ask the jury to discredit the testimony he had given. As it concurred with that of the plaintiff upon the same subject, a verdict for the defendant would have been contrary, not only to the weight of the testimony, but to all the testimony, both of plaintiff and defendant. Under these circumstances, binding direction for the plaintiff was proper. See Johnson County Savings Bank v. Koch, 38 Pa. Superior Ct. 553; Detroit Savings Bank v. Towers, 42 Pa. Superior Ct. 246, and cases there cited, particularly Phelan v. Moss, 67 Pa. 59.

All the assignments of error are overruled, and the judgment is affirmed.