# Second National Bank of Pittsburg, Appellant, *v.* Hoffman.

*Promissory notes—Indorser—Fraud—Evidence—Banks and banking—Cashier.*

In an action by a bank against the indorser of a promissory note, where the defendant shows that the note was procured from him by the fraudulent act of the maker, but it is shown by the testimony of the bank's own cashier, by that of the maker called as a witness by defendant, and by the admission of the defendant, that the bank had no knowledge of the fraud, it is reversible error for the trial court to submit the question of the bank's knowledge of the fraud to the jury. If it does so, and a perverse and unwarranted verdict is returned in

favor of the defendant and judgment entered thereon, the judgment will be reversed on appeal, with direction that the record be remitted, and judgment entered by the court below for the plaintiff non obstante veredicto.

Argued Oct. 5, 1911. Appeal, No. 189, Oct. T., 1911, by plaintiff, from judgment of C. P. Venango Co., Aug. T., 1908, No. 83, on verdict for defendant in case of Second National Bank of Pittsburg v. Taylor Hoffman. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit on a promissory note. Before CRISWELL, P. J.

· The facts appear by the opinion of the Supreme Court and by the previous report of the case in 229 Pa. 429.

At the trial the plaintiff presented these points:

2. If the jury believe the testimony of the witness J. M. Young, the plaintiff had no actual notice of any infirmity in the $6,500 note, being the note in question; or of any defect in the title thereto of the McKees who negotiated it. *Answer:* Affirmed, unless such notice came to the bank through some other person than the cashier, Mr. Young, and of this we recall no evidence. [1]

3. There is no evidence of knowledge on the part of plaintiff of such facts as would justify the jury in finding that its action in taking the note in question amounted to bad faith. *Answer:* Refused. [2]

5. Under the evidence in this case and the law applicable thereto, the plaintiff is entitled to recover. *Answer:* Refused. [3]

Defendant presented these points:

4. If the jury find from the evidence that the defendant indorsed the said note for the accommodation of John M. McKee, and that the indorsement was requested by John M. McKee for the specific purpose of paying store debts, and that the defendant in reliance or in pursuance to that request indorsed the said note, for that specific purpose and no other, and that the said note was not used for the pur-

pose of paying store debts, the burden is upon the plaintiff to show that it is a holder in due course, and if the jury further find that the plaintiff is not a holder in due course, the verdict of the jury must be for the defendant. *Answer:* If the jury find the fact relative to the procuring of the signature of Hoffman to the note to be as recited in this point and that the note was not used for the purpose stated the burden is upon the plaintiff to satisfy you by evidence that it is a holder in due course; that is, that it received the note without notice or knowledge of such representations, and, if the jury further find that it did not so receive the note the verdict should be for the defendant. [4]

5. If the jury find from the evidence that John M. McKee and W. C. McKee transferred the said note to the plaintiff as collateral security for an antecedent indebtedness, which had not been extended, released or extinguished, and no new consideration passed at that time, the plaintiff is not a holder in due course. *Answer:* Affirmed, but upon this subject reference is made to the general charge. [5]

7. If the jury find that the plaintiff had actual knowledge of the fraudulent representation of John M. McKee to the defendant, or had knowledge of such facts that its action in taking the instrument amounted to bad faith, the plaintiff is not a holder in due course. *Answer:* Affirmed. [6]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*John L. Nesbit,* with him *Chantler & McClung, Trimble & Chalfant* and *R. F. Glenn,* for appellant.—It was error to submit the case to the jury: Lonzer v. R. R. Co., 196 Pa. 610; Schley v. R. R. Co., 227 Pa. 494; Eardley v. Keeling, 10 Pa. Superior Ct. 339; Knupp v. Brooks,

200 Pa. 494; Edwards v. Meyers, 227 Pa. 584; Shannon v. McHenry, 219 Pa. 267; Dinan v. Supreme Council, 213 Pa. 489.

*Geo. E. Reynolds*, with him *Bryan H. Osborne*, for appellee.—The evidence as to whether the plaintiff received the note in good faith and without notice of any defect in the title depended upon the credibility of witnesses: Reel v. Elder, 62 Pa. 308; Perkiomen R. R. Co. v. Kremer, 218 Pa. 641; Reeper v. Greevy, 5 Pa. Superior Ct. 316; Loeb v. Mellinger, 12 Pa. Superior Ct. 592; Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619; McNight v. Parsons, 136 Iowa, 390 (113 N. W. Repr. 858); Dinan v. Supreme Council, 210 Pa. 456.

OPINION BY MR. JUSTICE BROWN, January 2, 1912:

When this case was here before, at October Term, 1910, on appeal by the defendant from the judgment against him on the verdict directed for the plaintiff, a new trial was awarded, for the sole reason that the jury should have been permitted to determine whether the plaintiff had shown by the testimony of its cashier that it had taken the note in suit in good faith and for value, without any notice of the fraud which had been perpetrated by John M. McKee upon the defendant in procuring his indorsement of it: Second National Bank v. Hoffman, 229 Pa. 429. The facts there stated reappeared on the second trial and need not be repeated here, though we are called upon to again say that the note was unquestionably delivered to the bank in payment of the balance due on the old obligation, and not merely as collateral for a pre-existing debt.

We cannot agree with the statement of the learned trial judge, in his opinion refusing judgment for the plaintiff non obstante veredicto, that the testimony on the second trial upon the vital point in the case was substantially the same as on the former trial. On that trial the only person called by the plaintiff, to relieve itself of the bur-

den upon it of showing that it had no knowledge, at the time it took the note, of McKee's fraud upon the defendant, was its own cashier, and, under the rule as to parol testimony, it was held that his credibility was for the jury. He was the bank's most active officer, and the jury might have found that he was "a witness deeply interested in the result of the suit, which was to determine whether his bank should be paid by Hoffman or lose what the McKees owed it." He was called as a witness again on the second trial and testified substantially as he had testified before as to the bank's ignorance of the fraud practiced by McKee upon the defendant; but on the last trial the plaintiff did not rely upon his testimony alone as to this. It conclusively appeared from the testimony of the defendant himself, and from that of McKee when on the stand as one of his witnesses, that the bank had no knowledge whatever of what had taken place between them at the time the defendant indorsed the note. The admission of the defendant was that neither he nor anyone for him had ever communicated with the bank, and McKee testified that he had never communicated to it the talk he had had with the defendant on the evening that the latter indorsed the note. It thus affirmatively appeared, from the defendant's own admission and from the testimony of McKee, one of his witnesses, that the bank had no knowledge of the latter's fraud upon the defendant, and it was, therefore, error in the court below to permit the jury to pass upon that question. It was not a disputed one after the defendant and McKee had testified. As a result of permitting the jury to treat it as such there followed a verdict not only perverse and clearly against the weight of the evidence, but in the face of testimony from which the only possible conclusion to have been drawn by honest minds was that the bank was utterly without knowledge of McKee's fraud upon the defendant. Under the circumstances, the plaintiff's fifth point should have been affirmed. Having failed to affirm it, the court

subsequently should have entered judgment for the plaintiff upon the whole record non obstante veredicto: Dalmas v. Kemble, 215 Pa. 410; Bond v. Pennsylvania Railroad Company, 218 Pa. 34; Shannon v. McHenry, 219 Pa. 267. The tenth assignment of error is sustained and the record is remitted, with direction that judgment be entered for the plaintiff non obstante veredicto.