## Union Trust Company of Lancaster *v.* Evans, Appellant.

*Promissory note—Discount—Conflicting testimony—Case for jury.*

1. In an action upon a promissory note by a trust company against the maker, the case is for the jury where the treasurer of the plaintiff testifies that the plaintiff discounted the note for the payee on a particular date, but this testimony is contradicted by proof of the fact that after the date mentioned the note was in the hands of the payee unindorsed, and was offered by him to other banks for discount, and that on a particular occasion the payee had asserted in the presence of the plaintiff's representative that he had not been able to get the note discounted.

2. When the establishment of a question of fact depends upon oral testimony, the credibility of the witness, or witnesses, is for the jury, and it is their exclusive province to determine whether from such testimony the fact in dispute has been established.

Argued Nov. 14, 1912. Appeal, No. 190, Oct. T., 1912, by defendant, from judgment of C. P. Lancaster Co., June T., 1910, No. 63, for plaintiff non obstante veredicto in case of Union Trust Company of Lancaster, Pa., v. E. E. Evans. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Reversed.

Assumpsit on a promissory note. Before Hassler, P. J.

The note in suit was as follows:

"$————   ·   October 26, 1909.

"Six months after date I promise to pay to the order of Jas. B. McCormick Two Hundred and Fifty ———— x|100 Dollars, 250.xx, at the Lititz Springs National Bank, of Lititz, Pa.

"Without defalcation for value received, without interest, full payment for Penna. Finance and Securities Co. stock.

"No. 32380.   Due Apr. 26.

"E. E. Evans, M. D.

"(Endorsed) Jas. B. McCormick."

"242.38

"7.62."

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for defendant. Subsequently the court entered judgment for plaintiff n. o. v. for $284.56.   Defendant appealed.

. *Error assigned* was in entering judgment for plaintiff n. o. v.

*B. F. Davis*, for appellant.—The case was for the jury: Second Nat. Bank of Pittsburg v. Hoffman, 229 Pa. 429; Joy v. Diefendorf, 130 N. Y. 6 (28 N. E. Repr. 602); Lamb v. Irwin, 69 Pa. 436; Galland v. Schroeder, 21 W. N. C. 103.

*John M. Groff*, for appellee.

OPINION BY RICE, P. J., February 27, 1913:

The note in question was dated October 26, 1909, and was payable to the order of James B. McCormick six months after date.   At the bottom were written the words: "Full payment for Penna. Finance & Securities Co. stock."   The defendant testified that the note was given for stock and that he never got the stock, but this testimony was struck out.   We therefore come directly to the testimony as to what occurred on November 13.   The defendant testified that on that day McCormick came to his office with a stranger, that McCormick had the note in his possession and wanted (we quote from his testimony) "to get another note, as he couldn't have it protested on account of the writing on the note.   Q. Discounted you mean?   A. Discounted.   I told him that seems funny, the note is not due, and I never got my certificates.   He says, 'That is funny; you ought to have had them long ago;' and he handed the note over to me, McCormick himself. I looked at it, 'Well then,' I says, 'it is no good to you,' and he said, 'Not to me.'   And I crumpled it up and threw it in the spittoon.   I says, 'Now we are through; I have nothing and you have nothing too,' and the stranger, I

went in the side room, a matter of a few yards, when I turned my back to go in there, the stranger picked it out of the cuspidor, I says, 'What are you doing?' My son was in the cellar fixing the heater. I called him and says, 'Howard, come up.' As I says that both of them out the front door. I says, 'I want to see you.' They says they would be back in half an hour. I never seen them. My son said they had taken the trolley. Q. Is that the last you saw of the note? A. That is the last I saw of the note except to-day." On cross-examination this occurred: "Q. Neither of them surrendered the note to you? A. Yes, sir, McCormick did. He gave it to me and I gave him the receipts back he gave me when I gave him the note. . . . Q. He brought it back and asked you for a new note? A. The 13th of November he brought it back. Q. That was about all there was to it? A. He gave it to me and said it was no good. He says, it was no good to him, and I says it was no good to me, and crumpled it up and threw it in the cuspidor." In rebuttal, Mr. Witmer, the man who was with McCormick, testified that he was the messenger of the plaintiff and that he took the note to the defendant's office with instruction from his superior officer to surrender it for a new note. He admitted, however, that McCormick handed the note to the defendant, and, while he did not admit that the conversation was as the defendant testified, he did not unequivocally deny it. Nor did he testify that the note had been indorsed and negotiated at that time, or that he informed the defendant that he was there as the representative of the plaintiff. Indeed, when the circumstances were recited to him and he was asked whether he said anything or made known who he was, he answered in the negative. It was for the jury to decide what was said and done, and what was meant by what was said: Maynes v. Atwater, 88 Pa. 496. Assuming for a moment that the note had not been negotiated at that time, but still belonged to McCormick, of which his possession was some evidence, the jury would have been warranted in finding from the testimony of the

defendant, if they believed it, that there was a surrender in fact and in intention: Ingraham v. Gibbs, 2 Dall. 134; 7 Cyc. of Law & Pro. 1048.  But, of course, McCormick could not lawfully surrender or cancel it if at that time the plaintiff was the holder in due course, as those terms are defined in sec. 52 of the Negotiable Instruments Act of May 16, 1901, P. L. 194.  Therefore, the question arises, whether the court would have been warranted in instructing the jury, as matter of law, that it was such holder.  Sec. 59 of the act declares that every holder is deemed prima facie to be a holder in due course.  The plaintiff, however, in the presentation of its case in chief did not rest on this presumption, but introduced the testimony of its treasurer to the effect that it purchased the note from McCormick on October 29, 1909, and paid him the amount less the interest for the time for which it was drawn.  Opposed to this, was testimony that on November 1, if not later, the note was in the hands of McCormick, unindorsed, and being offered by him to other banks for discount, and that as late as November 13, at the interview to which we have referred, McCormick had it in his possession and asserted, in the presence of the plaintiff's representative, that he had not been able to get it discounted.  As the case was presented, whether the plaintiff was holder in due course before November 13, was not a matter of presumption, but a question of fact depending for its determination upon the oral testimony of witnesses.  In view of the testimony introduced by the defendant bearing on that question, it cannot be said that the testimony of the plaintiff's treasurer was uncontradicted.  Therefore, it would have been usurpation of the province of the jury for the court to instruct them that it must be accepted as verity.  The case comes within the general principle, that, when the establishment of a question of fact depends upon oral testimony, the credibility of the witness or witnesses is for the jury, and it is their exclusive province to determine whether from such testimony the fact in dispute has been established: Second Nat. Bank of Pitts.

v. Hoffman, 229 Pa. 429. There may be exceptions to this general rule, but we are clear that this case is not one of them. It differs quite materially from Meyer v. Shickler, 47 Pa. Superior Ct. 282. There, the establishment of the fact did not depend solely upon the testimony of the plaintiff or of a witness called by him, but the testimony of the only witness called by the defendant was to the same effect as that given by the plaintiff. Under such circumstances, it was held that binding direction for the plaintiff was proper. But the circumstances here are quite different, as we have pointed out. We think the court was right in submitting the question to the jury, and it follows that the subsequent entry of judgment for the plaintiff non obstante veredicto was erroneous.

The judgment is reversed and the record is remitted with direction to enter judgment for the defendant on the verdict.