## Schoenfeld *v.* Fuhrman, Appellant.

*Evidence—Oral testimony—Conflict of testimony—Check—Case for jury.*

When the determination of a question of fact, such as whether a check was held in due course, depends upon oral testimony which is in conflict, the credibility of the witnesses is for the jury alone, and it is their exclusive province to determine whether the fact in dispute has been established.

Argued Oct. 14, 1913. Appeal, No. 90, Oct. T., 1913, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1913, No. 4,671, on verdict for plaintiff in case of Morris Schoenfeld v. Morris Fuhrman. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover the amount of a check. Before HEYDT, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $237.37. Defendant appealed.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Samuel R. Lazowick,* for appellant,

*Sidney L. Krauss*, with him, *W. Horace Hepburn* and *William A. Carr*, for appellee.

OPINION BY RICE, P. J., February 00, 1914:

In this action of assumpsit the plaintiff declared on a bank check for $300, dated April 12, 1912, drawn upon the People's Trust Company by the defendant to the order of cash, which, it is alleged, was brought to the plaintiff by one Chaplin, and, at his request, was indorsed by the plaintiff, and, upon the faith of his indorsement, was cashed for Chaplin by the Northwestern Trust Company, the plaintiff's bank. It is further alleged that, payment of the check having been refused at the instance of the defendant by the bank upon which it was drawn, the plaintiff was compelled to pay, and did pay, to the Northwestern Trust Company the amount which that bank had given to Chaplin on the faith of the plaintiff's indorsement. This, in substance, constituted the plaintiff's case as developed in his examination in chief. But on cross-examination he admitted that on the preceding day (April 11) he had given to Chaplin his check for $320, drawn on the Northwestern Trust Company to Chaplin's order. It was this check, indorsed by Chaplin and held by the defendant, that constituted the set-off which the latter claimed in his notice of special matter and on the trial as a complete defense to the action. The refusal of binding direction in his favor on this ground is the principal matter assigned for error.

The plaintiff's testimony as to the giving of the $320 check, while not as detailed as might be desired, tended to show, and was sufficient to warrant the jury in finding, that it was not given for money he owed Chaplin, and that, under the circumstances of the transaction in which it was given, there was a complete defense to it as against Chaplin. The relevancy of this testimony became apparent in a subsequent stage of the case, and this is all that we deem necessary to say regarding the

fourth and fifth assignments of error, except to call attention to the fact that these assignments do not quote the entire testimony admitted under the offers, as our rules of court require. The defendant contended that the defense, though perhaps good as against Chaplin, was not good as against him, because he was a holder in due course as defined in sec. 2 of the Negotiable Instruments Act of 1901. In support of this contention, he testified that the check was brought to him on April 12 by Chaplin, that he gave the latter in exchange for it $20.00 in cash and the check for $300 upon which the plaintiff's action is founded, and that the $320 check never left his possession after he got it. His testimony upon this subject was quite positive and unequivocal and left no room for inference that he claimed to have got the check in any other way than as he stated. On the other hand, the plaintiff had testified, in the presentation of his case in chief, that, when on April 12 Chaplin brought him the defendant's check and obtained his indorsement, Chaplin had in his possession and exhibited the check for $320 which he had delivered to Chaplin the day before. This testimony does not merely cast suspicion on the defendant's title. It is contradictory of, and irreconcilable with, the latter's testimony that the check was delivered, to him in exchange for his own check of $300 and was not out of his possession afterwards. This could not have been the case if Chaplin had both checks in his possession when he obtained the plaintiff's indorsement of the defendant's check. In view of this conflict of testimony, it was not the province of the court to declare that the defendant's version, though seemingly more probable than the plaintiff's, must be accepted by the jury as the true one. Nor would the court have been warranted in charging the jury that, though they discredited the defendant's version as to the time and manner of obtaining the check, still it must be presumed, in law, that in some other manner, not explained, at some other

time, not stated, he became a holder in due course before suit brought, and therefore was entitled to the set-off claimed. As the case was presented, whether the defendant was a holder in due course was not a matter of presumption, but a question of fact depending for its determination on oral testimony: Union Trust Co. v. Evans, 52 Pa. Superior Ct. 498. Therefore, the case is within the general rule, that, when the determination of a question of fact depends on oral testimony which is in conflict, the credibility of the witnesses is for the jury alone and it is their exclusive province to determine whether the fact in dispute has been established: Second Nat. Bank of Pittsburg v. Hoffman, 229 Pa. 429. This case does not come within any of the exceptions to the general rule.

The whole charge is assigned for error. But when it is considered in connection with the defendant's points, all of which, excepting the one for binding direction, were affirmed, we think the defendant has no just cause to complain of the manner in which the case was submitted to the jury.

The assignments of error are overruled and the judgment is affirmed.