## National Bank of Coatesville v. Palmer, Appellant.

*Promissory notes—Fraud—Defenses—Banks and banking.*

1. In an action by a bank against the maker of a promissory note where the defendant sets up as a defense fraud by the payee in procuring the note, the bank discharges the burden upon it by proving by its cashier who discounted the note and two of the six directors who had approved the discount, that within a day or two after the note had been executed and delivered to the payee, the latter offered the note for discount at the bank, that the bank accepted the note and credited the proceeds thereof to the payee who promptly checked them out, and all three of the witnesses testify that they had no knowledge whatever of any fraud in the transaction by which the payee secured the note, and the defendant admits that he had no knowledge of the fraud, until long after the note had been discounted.

2. In such a case it is not necessary for the bank to call every officer in any way connected with the administration of its affairs, through whom some knowledge of the defect in the delivery of the note might have been brought home to the bank.

Argued Nov. 19, 1913. Appeal, No. 182, Oct. T., 1913, by defendant, from judgment of C. P. Chester Co., Aug. T., 1912, No. 78, on verdict for plaintiff in case of The National Bank of Coatesville v. W. B. Palmer. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a promissory note.  Before BUTLER, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,023.65.  Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*A. M. Holding*, for appellant.—The burden was upon the bank to prove affirmatively that it had no notice, through any of the channels through which notice could be legally brought to the bank: Hutchinson v. Boggs, 28 Pa. 294; Grange Trust Co. v. Brown, 49 Pa. Superior Ct. 274; Second Nat. Bank v. Hoffman, 229 Pa. 429; Millward Cliff Cracker Co.'s Est., 161 Pa. 157; First Nat. Bank v. Christopher, 40 N. J. Law, 435; National Security Bank v. Cushman, 121 Mass. 490.

*J. Frank E. Hause*, with him *Wallace S. Harlan*, for appellee.—Whether knowledge of the fraud in procuring the note could be imputed to the bank was, at most, a question of fact for the jury: Page v. Moore, 235 Pa. 161; Nat. Bank v. Stever, 169 Pa. 574; Custer v. Bank, 9 Pa. 27; Wilson v. Bank, 4 Sadler, 68; Second Bank v. Hoffman, 233 Pa. 392.

OPINION BY HEAD, J., February 20, 1914:

The plaintiff sues to recover the amount due on a promissory note made by the defendant.  It alleges in its statement that it became the indorsee of this note in the usual course of business before its maturity and for full value paid.

The defendant, not denying or contesting any of these averments of fact, sets up that the delivery of the note by him to the payee, for whom it was discounted, was induced by false and fraudulent representations of the

payee, so that he obtained no value for the note. In this situation the defendant contends it became the duty of the plaintiff on the trial to prove affirmatively, not only that it had discounted the note in the usual course of business before maturity and for value (none of which facts are denied), but the further fact that it thus took the note without any knowledge of the fraud which induced its delivery to the payee. The plaintiff concedes the soundness of the rule but answers that it has fully discharged the burden of proof which the law, under such circumstances, cast upon it. This raises the single issue on which this appeal is to be determined.

The plaintiff proved affirmatively that its cashier was authorized to discount commercial paper; that within a day or two after the note in suit had been executed and delivered to the payee, the latter offered the note for discount at the bank. The cashier, being satisfied of the financial responsibility of the maker, accepted the note and credited the full proceeds thereof to the account of the payee which were promptly checked out in usual course. He declares, in his testimony, that he had no knowledge whatever of any fraud, misrepresentation or other wrong in the transaction by which the payee secured the note.

It further appeared that under the regulations of the plaintiff bank such discounts by its cashier were submitted to the board of directors for approval. The board met almost immediately following the discount, there being six directors including the cashier present at the meeting. Two of these directors were called as witnesses and testified affirmatively that at the meeting where the note was laid before them, the only matter that came under their consideration was the financial ability of the maker to pay. Being satisfied on that question, they approved the action of the cashier without any notice or knowledge from any source of anything affecting the integrity of the note in the hands of the payee. The remaining three directors were not called.

In addition to this positive evidence, strongly tending to discharge the burden of proof placed by the law on the plaintiff, there was clear and practically conclusive corroboration of it by the testimony of the defendant himself. He did not pretend to have given any notice of the defect in the negotiable character of the note to anybody in any way connected with the bank until shortly before the maturity of the note; and he frankly admitted that he himself had no knowledge of the fraud perpetrated on him by the payee until a considerable time after the latter had secured the discount of the note at the plaintiff bank. Under these circumstances, and in the absence of any contradictory evidence of any kind, the learned judge below felt it to be incumbent on him to direct a verdict for the plaintiff.

The able counsel for the defendant, however, contended below and here that the bank had not fully discharged the burden cast upon it by the law because it had not called every officer in any way connected with the administration of its affairs, through whom some knowledge of the defect in the delivery of this note might have been brought home to the bank. We agree with the learned judge below that this position is untenable. What is required by the law is that under the circumstances we have indicated the holder of a negotiable note must affirmatively prove that he has taken it without knowledge of any defect inherent in its execution or delivery. How does he proceed to discharge that burden? By offering to the jury from competent witnesses evidence sufficient to warrant and support a finding of the necessary fact, to wit, that the holder had taken the paper without knowledge of any defect in it. This, in the present case, has been satisfactorily done. We can find no warrant for the proposition that evidence of three witnesses may not establish a fact where there is nothing to contradict it, even though there may be others having some knowledge on the subject. But when, in addition to the evidence

of the bank's officers referred to, it further affirmatively appeared from the testimony of the defendant himself that even he had no knowledge of the fraud until after the bank had paid out its money in the purchase of the note, there is surely but little left to support the contention of the appellant.

We are satisfied that the plaintiff bank, in the present case, has fully discharged the burden of proof imposed upon it by the law and that with the corroboration of that proof, given by the defendant himself, there remained no question whatever to be submitted to the jury. The directed verdict for the plaintiff was therefore right, and the judgment afterwards entered on it cannot be disturbed.

Judgment affirmed.