## Haimowich *v.* McLaughlin, Appellant.

*Negotiable instruments—Checks—Affidavit of defense—Burden of proof—Fraud.*

Where in an action by an indorsee against the maker of a check, the defendant offers proof that the payee fraudulently indorsed the check, the burden is thrown upon the plaintiff to prove that he was a holder in due course without knowledge of the fraud. If the evidence as to the plaintiff's knowledge of the fraud is conflicting the case is for the jury.

Argued Oct. 8, 1914. Appeal, No. 25, Oct. T., 1914, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1910, No. 3,447, for plaintiff n. o. v. in case of Jacob Haimowich v. William H. McLaughlin. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit on a check. Before KINSEY, J.

At the trial the defendant offered proof that the check had been given to A. Gorneau in payment for a

536     HAIMOWICH *v.* McLAUGHLIN, Appellant.

Statement of Facts—Opinion of the Court.     [58 Pa. Superior Ct.

fur coat; that the coat delivered was not the coat bought, that Gorneau acknowledged the error, took back the coat delivered, but never returned any other coat for it, and that he had indorsed the check over to Jacob Haimowich who had full knowledge of the fraud. Haimowich denied any knowledge of the transaction between Gorneau and defendant. The case was submitted to the jury who returned a verdict for defendant. Subsequently the court entered judgment for plaintiff n. o. v.

KINSEY, J., filed the following opinion:

As the burden of showing that the check was not received in due course was on the defendant and as there was no sufficient evidence to the jury in so finding by the defendant the plaintiff's motion for judgment for $147.85 n. o. v. is granted.

*Error assigned* was in entering judgment n. o. v. for plaintiff.

*Henry J. Scott*, for appellant.

*Samuel M. Israell*, with him *Gustave L. Blieden*, for appellee.

OPINION BY HEAD, J., December 7, 1914:

At the conclusion of the trial in this case the record exhibited exactly the situation that was presented in Second Nat. Bank v. Hoffman, 229 Pa. 429. Had the learned trial judge then given a binding direction to find for the plaintiff, a judgment on the verdict must have necessarily been reversed here in obedience to the authority of the case we have cited. There the supreme court but gave effect to the plain mandates of the act of 1901 regulating the trial of such cases. We followed that ruling in the recent case of Shoe Mach. Co. v. Winston, ante, p. 526. Although the plaintiff, when called for cross-examination, purged himself, by his own testimony, of any knowledge of the fraud perpetrated by the

payee on the defendant, his credibility was for the jury. There was no fact elicited from the defendant which would bring this case within the second one of Second Nat. Bank, etc., v. Hoffman, 233 Pa. 390, and our own case of Nat. Bank of Coatesville v. Palmer, 56 Pa. Superior Ct. 82.

When the learned court below, in the brief opinion entering judgment for plaintiff, n. o. v., declared the "burden of showing that the check was not received in due course," was on · defendant, he overlooked the provision of the statute in cases like the one before us.

The judgment is reversed and the record remitted with direction to enter judgment on the verdict. Costs of this appeal to be paid by appellee.