# Houston *v.* McCaslin, Appellant,

*Promissory notes—Equities—Notice—Collateral security.*

In an action by the holder against the makers of a negotiable promissory note, binding instructions for the plaintiff are proper where it is affirmatively shown by him that he was an innocent holder for value, before maturity and without notice of the equities

between the original parties, and this is neither questioned nor denied, and where the only defense is that the plaintiff, having taken the note, not for cash, but as collateral security, was therefore subject to the equities between the original parties.

Argued March 6, 1916.   Appeal, No. 20, March T., 1916, by defendants from judgment of C. P. Luzerne Co., June T., 1912, No. 93, on verdict for plaintiff in case of Houston & Scott, Inc., to the use of Fred. W. Denniston, v. Maria V. McCaslin and James McCaslin.   Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit by holder against makers of a promissory note.   Before O'BOYLE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $560.92.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*W. L. Pace,* for appellants.

*M. F. McDonald,* with him *Fred. W. Denniston* and *George L. Fenner,* for appellee.

OPINION BY WILLIAMS, J., November 2, 1916:

The appellants contracted with Houston & Scott, Inc., to build them a house and in part payment they gave a promissory note for $500 and a judgment note for the same amount as collateral security.   The judgment note was entered of record, May 7, 1912, and after various transfers was finally assigned in July, 1912, to Denniston, the use-plaintiff.   Houston & Scott, Inc., having failed without completing the house, the appellants petitioned for the opening of the judgment on the ground that there had been a fraudulent use made of the notes

and that Denniston was not a holder in due course for value. The judgment having been opened, the issue was so framed and tried. Denniston assumed the burden of showing that he was such holder. He testified that he had no notice of the equities, if any, existing between the original parties, and that he had given value for the notes. Lewis, who had represented Houston & Scott, Inc., in that part of the transaction by which Denniston became the holder, corroborated Denniston's testimony.

The appellants confined their testimony to a statement that neither of them knew of the transfer to Denniston until Christmas of 1912 (Denniston became the holder in July, 1912) and that the notes had been transferred to Denniston as collateral security and not for actual value. Houston, who was called by the defendants as their witness, testified that Denniston had no knowledge of the firm or of its transactions, and that he had no means of knowledge of any equities existing between the maker and the payee of the notes. We have, therefore, a corroboration by the defendants' witnesses of the testimony of the plaintiff.

Whether the notes were taken as collateral security or for cash, Denniston was a holder for value: Miller v. Pollock, 99 Pa. 202; Camden Nat. Bank v. Fries-Breslin Co., 214 Pa. 395. The entire absence of any proof or attempt to prove notice of existing equities to Denniston makes the case one in which there is no disputed question of fact, material to the issue, nor any inference of fact from the evidence which required the determination of the jury. Upon this condition of the record the court below directed a verdict for the plaintiff. The case shows no material distinguishing features from the cases of Second Nat. Bank of Pittsburg v. Hoffman, 233 Pa. 390; Meyer v. Shickler, 47 Pa. Superior Ct. 282; Nat. Bank of Coatesville v. Palmer, 56 Pa. Superior Ct. 82; Catasauqua Nat. Bank v. Miller, 60 Pa. Superior Ct. 220. The reasoning in Bitner v. Diehl, 61 Pa. Superior Ct. 483, is equally applicable.

The judgment is affirmed.