## St. Clair *v.* Hastings, Appellant.

*Negotiable instruments — Promissory notes — Holders in due course—Binding instructions for plaintiff.*

In an action by the holder of a promissory note against the maker, it is not error for the court to direct a verdict for the plaintiff, where the uncontradicted evidence is to the effect that the plaintiff received the note for value, before maturity, without notice of any infirmity or defect in title.

230     ST. CLAIR *v.* HASTINGS, Appellant.

Argued November 11, 1919. Appeal, No. 174, Oct. T., 1919, by defendant, from judgment of C. P. Lancaster County, Jan. T., 1918, No. 38, on verdict for plaintiff in the case of William G. St. Clair, trading as William G. St. Clair Co., v. William S. Hastings, Sr. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on a promissory note. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff for the sum of $1,068.72, and judgment was entered thereon. Defendant appealed.

*Error assigned,* among others, was the charge of the court in directing a verdict for the plaintiff.

*B. F. Davis,* for appellant.

*John E. Malone,* and with him *Geisenberger & Rosenthal,* for appellee.

OPINION BY TREXLER, J., April 24, 1920:

The note in question was procured by fraud. It was incumbent upon the present holder to show that he was an innocent purchaser for value without knowledge of the fraud. To meet these requirements the plaintiff, St. Clair, narrated all the circumstances attending the procuring of the note from Mr. Ployd, the president of the First National Sales Corporation and gave full details of the transactions between him and said company from the books of original entry. He showed the dates and amounts of the bills which made up the total for which the note was transferred in part payment. He testified that he knew nothing as to the infirmity in the note. There was nothing to impeach his testimony and on the record it bears every indication of candor. In

229, (1920).]          Opinion of the Court.

corroboration, Ployd, the president of the Sales Corporation was called and testified to the transfer of the note without any notice of any infirmity and to the consideration that passed, and showed the receipt that was given. His story is entirely consistent with that of St. Clair. The maker of the note testified that he knew nothing of St. Clair and never gave him any notice of the fraud practiced when the note was given. Thus the uncontradicted testimony in the case is to the effect that the plaintiff received the note for value, before maturity, without notice of any infirmity or defect in title. There was nothing about the testimony of these witnesses which disclosed anything inconsistent or improbable or afforded any basis to impeach their good faith. The jury could have arrived at but one conclusion under the testimony submitted. Under these circumstances the court was right in directing a verdict for the plaintiff: Catasauqua Natl. Bank v. Miller, 60 Pa. Superior Ct. 220; Bitner v. Diehl, 61 Pa. Superior Ct. 483; Houston v. McCaslin, 65 Pa. Superior Ct. 28; Second Natl. Bank v. Hoffman, 233 Pa. 390; s. c. 229 Pa. 429.

Judgment affirmed.