## Peters v. Burke

*John J. Rufe,* for plaintiffs.
*Richard I. Moore,* for defendant.

BODLEY, J., February 5, 1970.—The nominal plaintiff in this action, Forrest Peters, secured through defendant, John S. Burke, an automobile liability insurance policy written by North American Surety and Insurance Company, Ltd., of Nassau, the Bahamas. This insurance company was not authorized to do business in Pennsylvania. During the period in which the insurance policy presumably was in force, Mr. Peters was involved in an automobile accident in which he was the driver and the injured use-plaintiffs, John and Helen Millard, were passengers. Subsequently, plaintiffs Millard obtained a jury verdict against Peters in the total amount of $23,000, which sum exceeded the $10,000 policy limits. Alleging these facts, as well as plaintiffs Millard's inability to recover any part of the judgment entered upon the verdict from either the nominal plaintiff Peters or from North American Surety and Insurance Company, Ltd., plaintiffs instituted this action against the insurance agent, Mr. Burke, for recovery of their judgment, plus interest. The matter comes before us upon defendant's preliminary objections to plaintiffs' complaint.

Plaintiffs' cause of action is grounded upon section 605 of The Insurance Department Act of May 17, 1921, P. L. 789, 40 PS §235, which provides, in part, that an insurance agent ". . . shall be personally liable on all contracts of insurance. . ." placed by him with an insurance company which is not authorized to do business in the Commonwealth of Pennsylvania. This section goes on to provide that the agent procuring such a policy ". . . shall be deemed to be the agent

of the company. . ." Section 624 of the act, 40 PS §254, permits the licensing of an insurance broker under certain circumstances so as to permit him to write and procure insurance from companies not authorized to do business in the Commonwealth, but it is alleged that defendant did not comply with this provision. Section 632, 40 PS §272, provides that the agent's procurement of such a policy of insurance without meeting the requirements of the act shall be a misdemeanor.

Defendant demurs, alleging that the complaint does not set forth a cause of action between plaintiffs and defendant. Defendant also complains that plaintiffs have violated Pa. R. C. P. 2002 in failing to set forth the relationship between Peters and use-plaintiffs Millard, and, presumably, complains that the action is brought under an improper caption. Defendant further urges that the policy of insurance specifies the sum of $10,000 as the limit of the company's liability, and that, therefore, if this action is to continue at all, it should be limited to a claim for not more than $10,000.

At argument, and in the brief supplied the court by plaintiffs' counsel, plaintiffs concede that the claim must be limited to that amount set forth in the policy, namely $10,000, and concede that the full amount of the Millard judgment against Peters cannot be sought in this action against Burke.

Defendant's preliminary objections in the nature of a demurrer will be sustained on the present state of the record. Defendant views the action as now pleaded, and with this we agree, to be in the nature of a third-party beneficiary action. He maintains that the Millards are not, in fact or in law, third-party beneficiaries under the terms of the insurance contract and that, in any event, the statute was designed to protect the named insured, not third parties.

In support of this latter proposition, defendant cites McBride v. Rinard and Williams, 172 Pa. 542 (1896), and Bartlett v. Rothschild, 214 Pa. 421 (1906). Plaintiffs in both cases prevailed, as defendant sees it, only because each was the named insured in the forbidden insurance policy.

McBride was an action brought by an insured against an agent for the limit of liability set forth in a fire policy obtained for the insured by the agent from an unauthorized company. Section 48 of the Act of May 1, 1876, concerning the agent's responsibility for violation of the act there involved, contains language identical with that in the 1921 Act with which we are dealing; namely, the agent ". . . shall be personally liable on all contracts of insurance. . ." The court in McBride said, at page 550, that an agent in such case is not liable because of any fraud involved, but is personally liable "because of the contract with the foreign company which was forbidden." And again, at page 552, the court stated that the agent's liability was not merely that of surety or guarantor for the foreign company, but rather:

"The moment the agent makes a contract for a foreign company which has neglected to obtain the proper authority from the insurance commissioner to do business within the state, that is the inception of the agent's liability on the contract which is consummated by the loss by fire. Proofs of loss delivered to him would be sufficient if the words of the act make him liable as one of the principals to the contract. They do not declare he shall be personally liable in case proofs of loss are furnished the company at its office in the foreign state, or in case the office of the company cannot be found, or it is insolvent [as alleged in the instant case] or fraudulent, but that he 'shall be personally liable on all contracts made by or through him directly or indirectly.' The contract

liability is complete the moment the loss occurs, and is payable upon proof thereof to him who is answerable therefor, the agent."

Under the 1876 law, the jury in the McBride case was given the question of whether or not defendants there were, in fact, the agents of the company. Recovery was had in McBride only upon the jury's determination that defendants were agents of the company and not agents for plaintiff. In the case before us, the statute itself establishes the agency when such an unauthorized contract of insurance is written.

Bartlett, supra, was an action brought by an insured against the agent who procured a policy from an unauthorized foreign company. In reaching the same conclusion as did McBride, the court said, at page 424:

"That the insurer in this case was a company foreign to this state; that it had not complied with the provisions of any of the statutes entitling foreign corporations to do business within the state; and that all the conditions of the policy had been met by the insured, were facts admitted upon the record. It remained for the plaintiff to establish prima facie, that the defendant was agent of [the foreign company], and that the contract of insurance was made by or through him acting as such agent within this state."

It is, of course, true that the successful plaintiffs in both McBride and Bartlett happened also to be the named insured in the policy and each recovered directly from the errant agent under the protection afforded him by the statute. But the crux of the matter is the agent's personal liability created by law in such circumstances, not the identity of the particular plaintiff. McBride involved a fire loss and Bartlett a barge lost at sea. Quite obviously the subject of the risk in each case was real or personal property owned by the insured. Here, the risk is the personal liability

which may arise from the fault of the insured and in such a case the company undertakes in its insuring agreement "to pay on behalf of the insured." Hence, it is always contemplated in the case of liability coverage that any payment made will be to a third party. The cases, therefore, do not stand for the proposition that to have standing a plaintiff *must* be the named insured, but rather for the definition of the nature of the agent's liability.

Plaintiffs' counsel, in brief and at argument, acknowledges violation of the real party in interest rules and asks leave to amend the complaint so as to allege assignment of Peters' claim against Burke to plaintiffs Millard. If a right of action against Burke exists in Peters, it may be assigned to the Millards who will take his right and be subject to all defenses which Burke may have had as against Peters. With certain exceptions not here pertinent, any right of action arising out of contract may be assigned. See, generally, P. L. E. Assignments, §7 and §8.

Under the "personal liability" clause of the statute, Burke not only stands in the place and stead of the carrier in such a case as this, he shared the onus of potential liability with the carrier, as principal, from the instant he procured the policy. When the potential liability of the carrier was converted to a present duty to afford Peters the contracted-for financial protection, if this be proven, this obligation was then, and is now, shared by Burke. Accordingly, the real parties in interest, assuming the assignment, are entitled to maintain this action against the agent Burke upon their filing an amended complaint in accordance with this opinion.*

---

* It should be noted that Pa. R. C. P. 2002(a) requires that an assignee of an entire chose in action sue thereon in his own name. See Goodrich-Amram Civil Practice Commentary 2002(a)-7.

## ORDER

And now, February 5, 1970, defendant's preliminary objections are sustained. Leave is granted plaintiffs to amend their complaint within 30 days of this date.